# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| ABSTRAX, INC.,<br><br>        Plaintiff,<br><br>vs.<br><br>Hewlett-Packard Company, a Delaware corporation,<br><br>        Defendant. | Case No. 2:14-cv-158<br><br>**Jury Trial Demanded** |

## COMPLAINT FOR PATENT INFRINGEMENT

Abstrax, Inc. ("Abstrax") brings this lawsuit against Defendant Hewlett-Packard Company ("Hewlett-Packard") and, on information and belief, alleges as follows:

### Introduction

1. Plaintiff Abstrax owns the inventions described and claimed in United States Patent No. 6,240,328 entitled "Manufacturing Method for Assembling Products by Generating and Scheduling Dynamically Assembly Instructions" (the "'328 patent"). Defendant Hewlett-Packard has used, and continues to use, the methods claimed in the '328 patent to manufacture, assemble, and integrate configurable computer products and computer sub-systems and assemblies. Hewlett-Packard has and will continue to offer for sale, sell, and import configurable computer products and computer sub-systems and assemblies that were manufactured, assembled, and integrated using the methods claimed in the '328 patent. These actions by Hewlett-Packard are not authorized by Abstrax and constitute infringement of the '328 patent. Plaintiff Abstrax seeks damages for Hewlett-Packard's infringement and an injunction preventing further infringement.

**Jurisdiction and Venue**

2.      This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271 and 281, *et seq*. The Court has original jurisdiction over this patent infringement action under 28 U.S.C. §1331 and 1338(a).

3.      Venue is proper in this Court because Defendant Hewlett-Packard has performed and is responsible for acts of infringement occurring in the Eastern District of Texas as alleged in this Complaint and has delivered or caused to be delivered infringing products and services in the Eastern District of Texas.

**Plaintiff Abstrax**

4.      Plaintiff Abstrax is a corporation existing under and by virtue of the laws of the State of Arizona with its principal place of business in Mesa, Arizona.

5.      Abstrax develops, provides, and implements solutions and systems for manufacturing, assembling, and integrating complex configurable products, including the Enterprise Integrator and Advanced Manufacturing Integrator solutions. Abstrax is the owner of the '328 patent and is managed by inventor John LaLonde.

**Defendant Hewlett-Packard**

6.      Defendant Hewlett-Packard is a corporation organized and existing under the laws of the State of Delaware. Hewlett-Packard's headquarters for North American operations is located in Houston, Texas, and the company has offices and facilities of relevance located throughout the country, including in the State of Texas.

**First Claim for Patent Infringement**
**(infringement of the '328 patent)**

7.      Plaintiff Abstrax incorporates by reference each of the allegations in the foregoing paragraphs 1-6 and further alleges as set forth below.

8. The United States Patent and Trademark Office issued the '328 patent on May 29, 2001. Attached as Exhibit A is a copy of the '328 patent. Through assignment, Abstrax is the owner of all right, title, and interest in the '328 patent, including all rights to pursue and collect damages for past infringements of the patent.

9. Hewlett-Packard has infringed the '328 patent and, unless enjoined, will continue to do so, by (a) using the methods claimed in the '328 patent to manufacture, assemble, and integrate computer products and computer sub-systems and assemblies and (b) offering for sale, selling, and importing computer products and computer sub-systems and assemblies without permission from Abstrax and in violation of Sections 271(a) and (g) of the Patent Act.

- Hewlett-Packard's infringing methods and processes include but are not limited to the methods and processes by which Hewlett-Packard configures, manufactures, assembles, and integrates configurable computer servers, storage, networking devices, personal computers, laptops, imaging and printing devices, and their respective sub-systems and assemblies. Hewlett-Packard performs the foregoing infringing acts in connection with its direct to customer product lines, its Factory Express service, and its Performance Optimized Datacenters products and services.

Hewlett-Packard's infringement is likely not limited to the above described acts. Accordingly, Abstrax expressly reserves the right to take discovery and pursue infringement contentions with respect to additional products and services of Hewlett-Packard and its U.S. and foreign subcontractors with respect to the use of any other methods of configuring, manufacturing, assembling, or integrating computer products or their sub-systems and assemblies according to the methods claimed by the '328 patent. In addition, Abstrax reserves the right to seek discovery regarding, and, if appropriate amend this Complaint to assert claims for, any acts of indirect infringement performed by Hewlett-Packard in inducing or contributing

to infringement of the '328 patent by contractors or enterprise customers of Hewlett-Packard's products or services.

10. Plaintiff has been damaged by Hewlett-Packard's infringement of the '328 patent and will suffer additional irreparable damage and impairment of the value of its patent rights unless Hewlett-Packard is enjoined from continuing to infringe the '328 patent. Plaintiff is entitled to recover compensatory damages for Hewlett-Packard's infringement.

11. Hewlett-Packard has likely had notice of the '328 patent for a number of years prior to the filing of this lawsuit and furthermore is likely to be aware of its infringement of the '328 patent. Abstrax expressly reserves the right to seek discovery regarding Hewlett-Packard's notice of the '328 patent, and any investigation or analysis Hewlett-Packard undertook to determine whether it was infringing the patent; Abstrax further reserves the right to amend this Complaint to assert a claim for willful infringement and allegations of exceptional case if appropriate in light of such discovery.

12. Plaintiff demands trial by jury of all issues relating to this claim.

## **Prayer for relief**

Plaintiff Abstrax prays for judgment as follows:

A. A decree preliminarily and permanently enjoining Hewlett-Packard, its officers, directors, employees, agents, and all persons in active concert with them, from infringing the '328 patent;

B. Compensatory damages for Hewlett-Packard's infringement of the '328 patent;

C. Treble the compensatory damages as consequence of any willful infringement by Hewlett-Packard that is discovered and proven;

D. Costs of suit and attorneys' fees as a consequent of any finding that this case is exceptional as a result of any willful infringement or litigation misconduct by Hewlett-Packard

that is discovered and proven;

  E. Pre-judgment interest; and

  F. For such other relief as justice requires.

Dated:  February 28, 2014      Respectfully submitted,

            By: */s/ Jeff Eichmann (with permission by Robert Christopher Bunt)*
John Jeffrey Eichmann
CA State Bar. No. 227472
(Admitted to practice in the Eastern District of Texas)
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
Telephone:  310-656-7066
Facsimile:  310-657-7069
jeff@dovellaw.com

Robert Christopher Bunt
State Bar No. 00787165
Charles Ainsworth
State Bar No. 00783521
**PARKER, BUNT & AINSWORTH P.C.**
100 East Ferguson, Ste. 1114
Tyler, TX 75702
Telephone: (903) 531-3535
Facsimile: (903) 533-9687
Email: rcbunt@pbatyler.com
Email: charley@pbatyler.com

S. Calvin Capshaw
State Bar No. 03783900
Elizabeth L. DeRieux
State Bar No. 05770585
**CAPSHAW DERIEUX, L.L.P.**
114 E. Commerce
Gladewater, Texas 75647
Telephone: (903) 236-9800
Facsimile: (903) 236-8787
Email:  capshaw@capshawlaw.com
Email:  ederieux@capshawlaw.com

ATTORNEYS FOR ABSTRAX