IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ABSTRAX, INC., <br><br> Plaintiff, <br><br> v. <br><br> HEWLETT-PACKARD COMPANY, <br><br> Defendant. | Case No. 2:14-CV-158-JRG <br><br> **JURY TRIAL DEMANDED** |

### DECLARATION OF MICHAEL ROBERT RUECKHEIM IN SUPPORT OF HEWLETT-PACKARD'S MOTION TO TRANSFER VENUE TO THE NORTHERN DISTRICT OF CALIFORNIA

I, Michael Robert Rueckheim, declare as follows:

1. I am an attorney with Fish & Richardson P.C., counsel for Defendant Hewlett-Packard Company ("HP"). I am a member of the bar of the State of Texas and of this Court. I have personal knowledge of the matters stated in this declaration and would testify truthfully to them if called upon to do so.

2. Attached to this declaration as Exhibit A is a true and correct copy of the August 9, 2009 Report and Recommendations Order transferring the *Abstrax v. Sun* litigation to the Northern District of California. In that Order (at p. 3) the Court noted that no witnesses reside in the Eastern District of Texas.

3. Attached to this declaration as Exhibit B is a true and correct copy of the October 22, 2009 Order denying Abstrax's request for reconsideration of the Report and Recommendations attached hereto as Exhibit A. In that Order (at p. 6) the Court noted that "a substantial number of material witnesses reside in the transferee venue and none reside in the Eastern District of Texas.

Such a distribution of witnesses substantially favors transfer" (*citing In re Genetech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009).

4. The *Abstrax v. Sun* litigation was transferred to the Northern District of California (Oakland Division) as Case No. 4:09-cv-05243-PJH.  The Northern District of California's docket for the transferred Sun litigation was previously submitted as an exhibit in this matter at Dkt. No. 43-2.  As shown in Dkt. No. 43-2, the *Abstrax v. Sun* litigation was in front of Judge Phyllis J. Hamilton and Magistrate Judge Nandor J. Vadas for three years between 3/4/2010 to 1/3/2013.  Dkt. No. 43-2 at 1, 19-30.  During this litigation at least the following activity occurred:

(i) a tech tutorial was presented to the Court (Dkt. No. 307);

(ii) a motion to amend infringement contentions was filed (Dkt. No. 312);

(iii) summary judgment motions were filed (Dkt. Nos. 123, 125, 126, 130, 286);

(iv) *Daubert* motions were filed (Dkt. Nos. 122, 282, 284);

(v) a case management conference and other hearings were held (Dkt. Nos. 189, 237, 314);

(vi) discovery, sanctions and protective orders were issued (Dkt. Nos. 69, 83, 207, 236, 269); and

(vii) a pre-trial order was issued (Dkt. No. 274).

5. Judge Hamilton's courthouse is in Oakland California.  Attached as Exhibit C is a true and correct copy of Judge Hamilton's webpage (http://www.cand.uscourts.gov/pjh) identifying the address of Judge Hamilton's courthouse.  I performed a distance search on http://maps.google.com on August 22, 2014 and determined that the distance from Judge Hamilton's courthouse to Palo Alto, where HP is headquartered, is 35 miles.

6. Attached to this declaration as Exhibit D is a true and correct copy of the Northern District of California's website identifying that Judge Hamilton and Judge Vadas are active Judges in that District. The website was visited on August 18, 2014, and the web address is http://www.cand.uscourts.gov/judges.

7. Attached to this declaration as Exhibit E is a true and correct copy of S&P Capital IQ Corporate Structure Tree for Hon Hai Precision Industry Co., Ltd., showing that Foxconn / Hon Hai Logistics California, LLC's parent company is located in Taiwan. Exhibit E at 1.

8. I understand that plaintiff, Abstrax, Inc. is located in Mesa, Arizona. *See* Dkt. No. 1 at ¶ 4.

9. Attached as Exhibit F is a true and correct copy of portions of docket entry 162 from the *Abstrax v. Sun* Northern District of California litigation (transferred from the Eastern District of Texas): "Abstrax's motion for reconsideration of Magistrate Judge Everingham's Order Granting Defendant Sun Microsystems' Renewed Motion for Change of Venue." As shown on pages 6-7 of Exhibit F, Abstrax's CEO, Mr. John Vidalakis, lives in Los Angeles, California. Also, Abstrax's CTO (and named inventor on the asserted patent), Mr. John LaLonde, lives in Phoenix, Arizona. As shown on pages 6-7 of Exhibit F, plaintiff's damages and manufacturing experts in the Sun litigation were located in Oakland and Los Angeles, California respectively and plaintiff's "technical" expert was located in College Station, Texas, in the Southern District of Texas.

10. Attached as Exhibit G is a true and correct copy of portions of docket entry 164 from the *Abstrax v. Sun* Northern District of California litigation (transferred from the Eastern District of Texas): "Defendant Sun Microsystems, Inc.'s Opposition To Plaintiff Abstrax, Inc.'s Motion For Reconsideration Of Magistrate Judge Everingham's Order Granting Sun's Renewed Motion For Change Of Venue." Page 4 of this motion identifies that Messrs. John LaLonde and

John Vidalakis (Abstrax's CTO and CEO) were previously offered "at Abstrax's choice," for deposition in California.

11. I understand that Abstrax's main trial counsel in the present litigation, Mr. Jeff Eichmann of the Dovel & Luner, LLP firm, is located in Santa Monica, in the Northern District of California. *See* Dkt. No. 1 at 5 (signature block address).

12. I met and conferred with Mr. Eichmann on August 18, 2014. Mr. Eichmann identified that Abstrax believes that HP has a facility in Plano which may be relevant to this litigation. I understand that an HP employee, Mr. Bob Campbell, is contemporaneously submitting a declaration that addresses whether HP's Plano facility has any relevance to this litigation. *See* Declaration of Bob Campbell, submitted herewith at ¶ 15. During the meet and confer, Mr. Eichmann also identified that Abstrax believes there might be relevant prior art witnesses located in the Eastern District of Texas. However, Mr. Eichmann stated that he was not prepared to identify specific names during the meet and confer call in part because he had just become aware of HP's desire to transfer the case to a more convenient forum. Abstrax did not identify any other specific expected witness or evidence anticipated as located in the Eastern District of Texas.

13. During the August 18, 2014 meet and confer, and in follow-up email correspondence, Mr. Eichmann requested that HP produce its source code in Fish & Richardson's Redwood City office. Redwood City is in the Northern District of California.

14. I performed a Taxable Entity Search of the Texas Comptroller of Public Accounts on August 22, 2014 and did not find Abstrax listed as a registered Texas company. Attached as Exhibit H is a true and correct copy of the results of that search.

15. Attached to this declaration as Exhibit I is a true and correct copy of an HP News release identifying that in 2008, HP acquired Electronic Data Systems Corporation ("EDS"), a Plano-headquartered company.

16. Attached to this declaration as Exhibit J is a true and correct copy of an archive copy from October 11, 2007 of an EDS webpage listing EDS World Locations identifying that EDS had locations and operated throughout the United States and 42 countries.

17. I understand that the inventors named on the asserted patent, U.S. Pat. No. 6,240,328 (the '328 patent") are: Messrs. John LaLonde, Craig MacDonnell, and David Cucuzella. Dkt. No. 1-2 at 1. I understand that Mr. LaLonde lives in Mesa, Arizona, Mr. MacDonnell lives in Mesa Arizona, and Mr. Cucuzella lives in Gilbert, Arizona. *Id.*

18. Attached to this declaration as Exhibit K is a true and correct copy of portions of the prosecution history for the '328 patent that identifies that Mr. Harold C. McGurk IV, Vincent B. Ingrassia, and Scott Kevin Pickens were the prosecuting attorneys. Attached to this declaration as Exhibit L is a true and correct copy of a lawyer.com webpage identifying that Mr. McGurk lives in Laguna Niguel, California. Attached to this declaration as Exhibit M is a true and correct copy of an ifllaw.com webpage identifying that Mr. Ingrassia lives in Scottsdale, Arizona. Attached to this declaration as Exhibit N is a true and correct copy of a martindale.com webpage identifying that Mr. Pickens lives in Scottsdale, Arizona.

19. Attached to this declaration as Exhibit O is a true and correct copy of an email from Dr. Jeffrey Harris to Winnie Radtke, identifying that Mr. Harris was the Motorola employee responsible for making the decision to abandon the '328 patent. Attached to this declaration as Exhibit X is a true and correct copy of a linked.com webpage that identifies the Dr. Harris lives in Phoenix, Arizona.

20. I understand that HP has pled an inequitable conduct defense based in-part on the actions of Abstrax's attorney Mr. W. Jackson Matney Jr. *See* Dkt.. No. 13 at 42. Attached to this declaration as Exhibit P is a true and correct copy of Mr. Matney's biography page, identifying that Mr. Matney works in Washington DC.

21. I understand that the following table summarizes the addresses of the anticipated witnesses mentioned herein and the respective distances of these locations from Marshall, Texas and Oakland, California:

| Witness | Location | Distance to Forums[1] |
|---|---|---|
| Plaintiff's manufacturing and damages experts from the Sun litigation | Oakland (within the Northern District of California) and Los Angeles, California respectively | Distance to N.D. Cal: 0 and 370 miles respectively<br><br>Distance to E.D. Tex: 1,871 and 1,587 miles respectively |
| Witnesses from HP's headquarters | Palo Alto, California (within the Northern District of California) | Distance to N.D. Cal: 35 miles<br><br>Distance to E.D. Tex.: 1,854 miles |
| Mr. Vidalakis (plaintiff owner) | Los Angeles, California | Distance to N.D. Cal: 370 miles<br><br>Distance to E.D. Tex: 1,587 miles |
| Mr. Harold C. McGurk IV (prosecuting attorney for asserted patent) | Laguna Niguel, California | Distance to N.D. Cal: 424 miles<br><br>Distance to E.D. Tex: 1,575 miles |
| Mr. LaLonde (plaintiff owner and named inventor) | Phoenix, Arizona | Distance to N.D. Cal: 741 miles<br><br>Distance to E.D. Tex: 1,215 miles |
| Dr. Jeffrey Harris (employed by initial assignee, Motorola) | Phoenix, Arizona | Distance to N.D. Cal: 741 miles<br><br>Distance to E.D. Tex: 1,215 miles |
| Witnesses from initial assignee, Motorola | Scottsdale, Arizona | Distance to N.D. Cal: 751 miles<br><br>Distance to E.D. Tex: 1,217 miles |
| Mr. S. Kevin Pickens (prosecuting attorney for asserted patent) | Scottsdale, Arizona | Distance to N.D. Cal: 751 miles<br><br>Distance to E.D. Tex: 1,217 miles |

---

[1] Respective distances were determined by using https://maps.google.com/. "Oakland, CA" was used as the location for "N.D. Cal." "Marshall, TX" was used as the location of "E.D. Tex."

| | | |
|---|---|---|
| Mr. Vincent B. Ingrassia (prosecuting attorney for asserted patent) | Scottsdale, Arizona | Distance to N.D. Cal: 751 miles<br><br>Distance to E.D. Tex: 1,217 miles |
| Craig MacDonnell (inventor on asserted patent) | Mesa, Arizona | Distance to N.D. Cal: 758 miles<br><br>Distance to E.D. Tex: 1,216 miles |
| Witnesses from Plaintiff's headquarters | Mesa, Arizona | Distance to N.D. Cal: 758 miles<br><br>Distance to E.D. Tex: 1,216 miles |
| David Cucuzella (inventor on asserted patent) | Gilbert, Arizona | Distance to N.D. Cal: 763 miles<br><br>Distance to E.D. Tex: 1,205 miles |
| Plaintiff's "technical" expert from the Sun litigation | College Station, Texas (within the Southern District of Texas) | Distance to N.D. Cal: 1,852 miles<br><br>Distance to E.D. Tex: 200 miles |
| Mr. W. Jackson Matney (plaintiff attorney relevant to inequitable conduct defense) | Washington, D.C. | Distance to N.D. Cal: 2,811 miles<br><br>Distance to E.D. Tex: 1,233 miles |
| Witnesses from potentially relevant manufacturing facilities | Houston (within the Southern District of Texas), Indiana, Juarez Mexico, Asia | Varies |

22. Attached to this declaration as Exhibit Q is a true and correct copy of search results from Orbitz.com, identifying that there are no direct flights from Phoenix, Scottsdale, Mesa or Gilbert Arizona to Shreveport, LA. I understand that Shreveport, LA is the closest major airport to Marshall, Texas. Attached to this declaration as Exhibit R is a true and correct copy of search results from Orbitz.com identifying that there are direct flights from Phoenix, Scottsdale, Mesa and Gilbert Arizona to Oakland, California.

23. Attached to this declaration as Exhibit S is a true and correct copy of search results from Orbitz.com identifying that there are no direct flights from Washington D.C. to Shreveport, LA. I understand that Shreveport, LA is the closest major airport to Marshall, Texas. Attached to this declaration as Exhibit T is a true and correct copy of search results from Orbitz.com identifying that there are direct flights from Washington D.C. to San Francisco, California. I

performed a search on https://maps.google.com/ on August 22, 2014 and determined that the San Francisco airport is 21 miles from Judge Hamilton's Oakland, California courthouse.

24. Attached to this declaration as Exhibit U is a true and correct copy of plaintiff's discovery request to inspect HP's Houston manufacturing facility.

25. Attached to this declaration as Exhibit V is a true and correct copy of searches of Orbitz.com identifying that there are direct flights to Houston, Texas available to potential witnesses who live in the following locations identified in ¶ 21 above: San Francisco, CA; Los Angeles, CA; Phoenix, AZ; College Station, TX; and Washington, DC.  Attached to this declaration as Exhibit W is a true and correct copy of pages from the Shreveport Regional Airport, LA Official Website identifying that there are no direct flights to Shreveport, LA from any location identified in ¶ 19 above, with the exception of Houston.

I declare under penalty of perjury that the foregoing is true and accurate.

Executed on August 22, 2014, in Houston, Texas.

*/s/ Michael R. Rueckheim*
Michael Robert Rueckheim